

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Chas. W. Castner, Chief
Eleemosynary Division
State Board of Control
Austin, Texas

Dear Sir:

Opinion No. O-2738
Re: Out of state trip -
State business - payment
of traveling expenses
of employee of Wichita
Falls State Hospital out
of support and maintenance
or local funds of such
institution.

This will acknowledge receipt of your letter of September 12, 1940, wherein you advise that Mr. E. L. Townsend, Farm and Dairy Supervisor for the Wichita Falls State Hospital, and Mr. A. T. Bratton, Farm and Dairy Supervisor for the State Board of Control, desire to make a trip to Wisconsin and Minnesota for the purpose of selecting and buying dairy cattle for the Wichita Falls State Hospital, and ask the opinion of this department upon the following questions relative to such trip:

"1) In your opinion, is such proposed trip by Mr. E. L. Townsend and Mr. A. T. Bratton one of State business?

"2) If you answer in the affirmative and since Mr. Townsend is an employee of the Wichita Falls State Hospital, is the Hospital permitted to pay his actual traveling expenses from either Support & Maintenance or Local Funds of the institution?

"3) Mr. A. T. Bratton is not an employee of the Wichita Falls State Hospital but is the Farm and Dairy Supervisor for the State Board of Control and the Wichita Falls State Hospital is an institution under the jurisdiction of the department of the Board of Control and as such the dairy industry of the said Wichita

Falls State Hospital is under the active super-
vision of Mr. Bratton, will the Wichita Falls
State Hospital be permitted to pay Mr. Bratton's
out-of-State traveling expenses in the matter
referred to in attached letter."

In reply to your first question, you are advised
that the purpose of the proposed trip, to-wit, the purchase
of dairy cattle for the Wichita Falls State Hospital, a
State eleemosynary institution, is clearly the accomplish-
ment of State business.

In answer to your second question, we direct your
attention to the following provision of the general rider
appended to House Bill No. 256, Acts of the 46th Legislature,
in which act there appears the appropriation made for the
Wichita Falls State Hospital:

"Except as herein otherwise provided, no
money shall be expended for travel expenses
except that specifically appropriated for said
purpose; provided this limitation shall not
apply to travel and transportation expenses of
patients, inmates and Alabama-Coushatti Indians,
of Indian Reservation and institutional em-
ployees' travel in connection with patients,
inmates, pupils and Alabama-Coushatti Indians,
including returning escapes, transfers, paroles,
and placements of inmates and patients and
transportation and travel expense of conveying
Indians to and from United States Indian hos-
pitals in Oklahoma and other hospitals or
clinics in Texas, of Board of Control employees
whose salaries are paid from institutional
funds, and of institutional superintendents
and the Indian agent, wherein specific amounts
are omitted from the itemized appropriations;
and such travel and transportation expenses
may be paid from support and maintenance ap-
propriations and/or local institutional funds."

This portion of the general rider, just quoted,
clearly prohibits the payment of the traveling expenses in-
curred by Mr. Townsend in connection with the proposed trip
out of support and maintenance or local funds of the insti-
tution, unless it can be said that the payment of such travel-
ing expenses is authorized in the proviso.

Hon. Chas. W. Castner, Page 3

The proviso in effect stipulates that where specific amounts are omitted from the itemized appropriations, for traveling expenses, travel and transportation expenses may be paid from support and maintenance appropriation and/or local institutional funds in the following instances:

1. Travel and transportation expenses of patients, inmates and Alabama-Coushatti Indians.

2. Travel and transportation expenses of Indian Reservation and institutional employees' travel in connection with patients, inmates, pupils and Alabama-Coushatti Indians, including returning escapes, transfers, paroles, and placements of inmates and patients and transportation and travel expense of conveying Indians to and from the United States Indian hospitals in Oklahoma and other hospitals or clinics in Texas.

3. Travel and transportation expenses of Board of Control employees whose salaries are paid from institutional funds.

4. Travel and transportation expenses of institutional superintendents and the Indian agent.

It is apparent that the traveling expenses to be incurred in connection with the proposed trip do not fall, so far as Mr. Townsend is concerned, within any of the categories mentioned in the proviso. It follows that such traveling expenses incurred by Mr. Townsend cannot be paid from the support and maintenance or from the local funds of the Wichita Falls State Hospital.

In reply to your third question, you are advised that the traveling expenses incurred in connection with the proposed trip by your Mr. Bratton could not be paid from the support and maintenance appropriation or from the local institutional funds of the Wichita Falls State Hospital, unless they fall within the category mentioned in the proviso of:

"Travel expenses of Board of Control employees whose salaries are paid from institutional funds, . . ."

The character of employee referred to in this portion of the proviso quite evidently has reference to those employees of the State Board of Control for which provision is made by way of appropriation in that portion of the

Hon. Chas. W. Castner, Page 4

paragraph entitled (b) under "revolving fund and institutional receipts", in the general rider appended to the act above referred to, which reads as follows:

> "There is also appropriated to the State Board of Control out of any institutional receipts or funds such amounts as may be necessary for traveling expenses and for salaries of a chief of the Division of Eleemosynary Institutions provided for in Article 690 of the Revised Civil Statutes of 1925, and other necessary help; * * *"

It seems that Mr. Bratton is not employed by the State Board of Control under this provision, but that his position is carried in the appropriation made to the State Board of Control, by the departmental appropriation bill passed by the 46th Legislature, out of the general fund of the state. Since the traveling expenses of Mr. Bratton for the purpose recited in your letter do not fall within the proviso above quoted, it follows that the Wichita Falls State Hospital cannot pay Mr. Bratton out of state traveling expenses in the matter referred to out of support and and maintenance appropriation or local funds of the institution. Since there is no other appropriation available to the Wichita Falls State Hospital out of which Mr. Bratton's traveling expenses could conceivably be paid we need not discuss the question whether, if Mr. Bratton is not one of the employees of the Board of Control paid from institutional funds of the particular eleemosynary institution, his traveling expenses could be paid in any event by the Wichita Falls State Hospital out of any appropriation available to it.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Richard W. Fairchild_

Richard W. Fairchild
Assistant

RWF:rw

APPROVED SEP 23, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN